J-A07038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KAREN BROWN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RITE AID CORPORATION | : | No. 1340 MDA 2019 |

Appeal from the Order Entered July 11, 2019
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  2017-3965

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED JULY 01, 2020**

Karen Brown ("Brown") appeals from the order entered in this breach of contract action granting the summary judgment motion filed by Rite Aid Corporation ("Rite Aid"). We conclude that Brown commenced this action after the statute of limitations expired and therefore affirm the order.

Franklin Brown ("Franklin") worked at Rite Aid for many years, as counsel and vice chairman. Brown is his wife. In October 1996, Franklin, Brown, and Rite Aid executed a deferred compensation agreement based on Franklin's employment with Rite Aid. The agreement provided, in part, that after Franklin's retirement, Rite Aid would pay a retirement allowance to Brown, which would continue "until the later of the following dates: (a) the date of the death of [Brown]; (b) two hundred forty (240) months after the Retirement Date." Brown's Mot. for Partial Summ. J., filed Dec. 13, 2018, at Ex. 1, Deferred Compensation Agreement, at 3. It also provided that Rite Aid

would maintain life insurance on Franklin for the rest of his life, with a death benefit of no less than $1,500,000. *Id.* at 9. The deferred compensation agreement provided that the payments could be forfeited:

> (5)　Forfeiture Under Certain Circumstances. Notwithstanding the foregoing, Corporation shall have no further obligation to make Retirement Allowance payments to Brown if either of the following shall occur:
>
> (a) Employee is discharged by Corporation for good cause (as hereinafter defined) by order of the Board of Directors, or it is found by the Board of Directors that Employee has committed an act which would have resulted in his discharge for good cause had it been brought to the attention of the Board of Directors. As used herein, "good cause" shall mean and be limited to Employee's conviction of a felony involving his personal dishonesty materially injurious to Corporation.

*Id.* at 8.

Franklin retired in 2000, and Rite Aid started to make payments under the deferred compensation agreement. In June 2002, a federal grand jury indicted Franklin on numerous felony charges related to his role as chief counsel of Rite Aid. In October 2003, Franklin was convicted of ten counts, including, among other convictions, conspiracy to defraud Rite Aid, filing false Security Exchange Commission forms and other documents, obstruction of justice, and witness tampering.

In June 2002, Rite Aid sent notice to Franklin that it would cease the payments due under the deferred compensation agreement, and did in fact cease the payments. It also instituted an action in Cumberland County against Franklin alleging various causes of action, including a breach of contract action

seeking damages under the deferred compensation agreement ("Cumberland County action"). It further sought a declaratory judgment declaring that Rite Aid had no obligation to Franklin under the deferred compensation agreement. In March 2010, the court granted partial summary judgment on the breach of contract claim, concluding the criminal action would have given the Board good cause to discharge Franklin and that he therefore forfeited any right to compensation under the agreement. However in 2015 or 2016, Franklin filed in federal court a motion to enforce a bar to litigation based on a settlement agreement previously entered into between the parties in federal court. The federal court enjoined Rite Aid from proceeding with its affirmative claims, including the breach of contract claim under the deferred compensation agreement.

In the Cumberland County action, Franklin asserted a counterclaim asserting that Rite Aid breached a Restated Certification of Corporation, which required Rite Aid to advance to Brown the expenses he incurred in connection with civil and criminal proceedings. The counterclaim sought a declaration that Rite Aid breached the Restated Certificate and ordering Rite Aid to advance the expenses he incurred in connection with the criminal and civil proceedings. In August 2016, Franklin voluntarily discontinued the counterclaim.

Therefore, in 2017, the declaratory judgment claim was the sole remaining claim in the Cumberland County action.

Franklin filed a motion to dismiss the declaratory judgment count for lack of subject matter jurisdiction. In July 2017, the court granted the motion,

finding that Brown was an indispensable party to the declaratory judgment action and that "[a]ssuming . . . the existence of an actual controversy between the parties when this action was filed almost 15 years ago, it is clear that the statute of limitations for the purpose of joining Karen Brown has expired." Rite Aid's Mot. for Summ. J., filed Jan. 10, 2019, Ex. S, Trial Ct. Op., filed July 13, 2017, at 4.

That same month, July 2017, Brown filed this instant complaint asserting two breach of contract claims against Rite Aid based on the deferred compensation agreement.[1] Rite Aid filed a motion for summary judgment and Brown filed a motion for partial summary judgment.

The trial court summarized the summary judgment motions as follows:

> In her motion for partial summary judgment, Mrs. Brown asks this court to find as a matter of law, Rite Aid breached the agreement. Specifically, Mrs. Brown asserts:
>
>> Rite Aid may not resort to the forfeiture provision of the 1996 amended and restated deferred compensation agreement because Rite Aid materially breached the agreement on June 26, 2002 long before Franklin C. Brown was convicted of anything.
>
> (Plaintiff Brown's Memorandum of Law In Opposition to Defendant Rite Aid's Cross-Motion for Summary Judgment at pg. 12).
>
> Rite Aid raises four separate grounds in its cross-motion for summary judgment. They are:
>
>> 1. Any benefits payable under the Deferred Compensation Agreement were forfeited by

---

[1] At least one lawyer who represented Franklin in the Cumberland County action also represents Brown in this action.

- 4 -

[Franklin's] criminal convictions and by his material breach of that agreement.

2. [Brown's] claims are time barred[.]

3. [Brown's] claims are barred by the doctrine of judicial estoppel.

4. [Brown's] claims are barred by the doctrine of collateral estoppel.

(Defendant Rite Aid Corporation's Memorandum in Support of its Cross-Motion for Summary Judgment and in Opposition to Plaintiffs Motion for Partial Summary Judgment at pgs. 13-22).

Trial Court Opinion ("1925(a) Op."), filed July 11, 2019, at 2-3.

The court heard argument. It then granted Rite Aid's motion and denied Brown's motion. Brown filed a notice of appeal.

Brown raises the following issues on appeal:

1. Whether the trial court committed an error of law or abused its discretion by considering a void 2010 ruling from Cumberland County instead of striking the ruling from the record as demanded by Plaintiff's motion to strike (R.02559a-02564a.) which the trial court did not address or rule upon.

2. Whether the trial court committed an error of law or abused its discretion when it modified the plain meaning of the contract between the parties by ignoring essential language in the contract, effectively writing the essential language out of the agreement to have it comport with the trial court's asserted interpretation.

3. Whether the trial court committed an error of law or abused its discretion when it refused to acknowledge material facts in dispute, that is, whether any of Franklin Brown's felony convictions coming more than a year after Rite Aid's material breach and refusal to continue payments under the contract involved Brown's "personal dishonesty materially injurious to [Rite Aid] Corporation."

4. Whether the trial court committed an error of law or abused its discretion by finding repudiation proper where the doctrine's application is based entirely upon communications to Franklin Brown's attorneys, and none of the communications were made to the sole Plaintiff and sole obligee under the contract, Karen Brown.

5. Whether the trial court committed an error of law or abused its discretion by finding that Pennsylvania's saving statute, 42 Pa. C.S.A. § 5535(a)(1), did not apply.

6. Whether the trial court committed an error of law or abused its discretion by finding the doctrine of collateral estoppel precluded Karen Brown from arguing Franklin Brown's convictions neither involved his "personal dishonesty" nor were "materially injurious" to Rite Aid within the meaning of "good cause" under Paragraph 5(a) of the contract.

7. Whether the trial court committed an error of law or abused its discretion by finding "as a matter of law, the [Rite Aid] board did not violate the contract" when it stopped making payments under the ARD contract in June 2002. July 11, 2019 Opinion and Order at Pg. 6.

Brown's Br. at 8-10.

We first will address Brown's claims that the court erred in granting summary judgment because it erred in finding that (1) Rite Aid repudiated the contract in 2002, and therefore the statute of limitations barred the claims, and (2) the Savings Clause did not apply. Resolution of these claims disposes of the case.

"[S]ummary judgment is only appropriate in cases where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." ***Nicolaou v. Martin***, 195 A.3d 880, 891 (Pa. 2018) (citing Pa.R.C.P. 1035.2(1)). "When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences

therefrom in a light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party." *Id.* We reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. *Id.* at 892. Because the question of whether there is a genuine issue of material fact is a question of law, our standard of review is *de novo* and our scope of review is plenary. *Id.*

The statute of limitations for a claim of breach of contract is four years. *See* 42 Pa.C.S.A. § 5525(a). The limitation period is "computed from the time the cause of action accrued." *Fine v. Checcio*, 870 A.2d 850, 857 (Pa. 2005). "[A] cause of action accrues when the plaintiff could have first maintained the action to a successful conclusion." *Id.* Where a claim accrues due to "anticipatory repudiation or breach," the breaching party must have expressed "an absolute and unequivocal refusal to perform or a distinct and positive statement of an inability to do so." *Andrews v. Cross Atlantic Capital Partners, Inc.*, 158 A.3d 123, 130 (Pa.Super. 2017) (*en banc*) (quoting *Harrison v. Cabot Oil & Gas Corp.*, 110 A.3d 178, 184 (Pa. 2015)).

Pennsylvania's Savings Clause provides that, where an action was dismissed without prejudice, a party may commence an action within one year of the dismissal:

> (a) Termination of prior matter.--
>
> (1) If a civil action or proceeding is timely commenced and is terminated, a party, or his successor in interest, may, notwithstanding any other provision of this subchapter, commence a new action or proceeding upon the same cause of action within one year after the termination and any other

> party may interpose any defense or claim which might have been interposed in the original action or proceeding.

42 Pa.C.S.A. § 5535(a)(1).

Brown maintains that she, not Franklin, is the sole beneficiary of the contract payments and the court therefore erred in relying on correspondence between Rite Aid and Franklin and on the lawsuit filed by Rite Aid naming Franklin as a defendant to find Rite Aid repudiated the contract. Brown's Br. at 35-36. She notes that "[n]one of the correspondence relied upon by the trial court to find repudiation was directed to . . . Brown." *Id.* at 36. She argues that anticipatory repudiation or breach requires "an absolute and unequivocal refusal to perform or a distinct and positive statement of an inability to do so." *Id.* (quoting *Andrews*, 158 A.3d at 130). She concludes that Rite Aid never repudiated the contract because it never made a statement to her that it would not make payments. Brown asserts that because Rite Aid never repudiated, and because the contract was an installment contract, her breach of contract action is timely because with each missed payment, a separate cause of action accrued.

Brown further argues that if Rite Aid did repudiate the contact in 2002, the Savings Clause applies because she is Franklin's successor in interest, and in the prior action Franklin denied a paragraph in Rite Aid's complaint by asserting he was entitled to the benefits of the deferred compensation agreement and he filed a counterclaim seeking costs.

The trial court found that Rite Aid successfully and unequivocally repudiated the deferred compensation agreement in 2002. 1925(a) Op. at 6. We agree.

In 2002, Rite Aid sent a letter to Franklin stating that it would cease payments under the contract, payments that were to be made to Brown. Rite Aid also filed a lawsuit, naming Franklin as a defendant. Although it did not correspond with Brown, Brown continued to be married to Franklin, and makes no claim that she did not know about the letter and lawsuit. Further, Brown stopped receiving the payments pursuant to the contract in 2002, and had not received such payments for 15 years when she initiated the breach of contract lawsuit. Brown knew that she stopped receiving payments under the contract and that Rite Aid had no intention of making any future payments. Under the facts of this case, Brown's lawsuit, filed 15 years after the payments ceased, is untimely.

Further, Brown's claim that the Savings Clause applies to her causes of action lacks merit. She was not a named defendant in the prior action. In fact, the declaratory judgment claim was dismissed because she had not been joined and the court found her to be an indispensable party. Therefore, Brown did not allege any claim against Rite Aid. Further, Franklin's counterclaim in the prior action asserted Rite Aid breached a separate contract. It did not claim a breach of the deferred compensation agreement. Therefore, even if Brown could use Franklin's counterclaim in support of her Savings Clause claim, it

would not apply, as Franklin's counterclaim did not assert Rite Aid breached the deferred compensation agreement.

Order affirmed.

Judge Dubow joins the Memorandum

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/01/2020